UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DARRIEL BLEDSOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:14-cv-00011-SEB-MJD |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is an action for judicial review of the final decision of Defendant Commissioner of Social Security ("Commissioner") finding Plaintiff Darriel Bledsoe not entitled to disability insurance benefits ("DIB"). This case was referred to Magistrate Judge Dinsmore for initial consideration. On October 31, 2014, Magistrate Judge Dinsmore issued a report and recommendation that the Commissioner's decision be reversed and remanded because it was not supported by substantial evidence. Magistrate Judge Dinsmore further recommended that, given the number of errors in the ALJ's decision, the Court direct the Commissioner on remand to refer this matter to a different ALJ for consideration of Mr. Bledsoe's claims. This cause is now before the Court on the Commissioner's Objections to the Magistrate Judge's Report and Recommendation.

**<u>Standard of Review</u>**

We review the Commissioner's denial of benefits to determine whether it was supported by substantial evidence or is the result of an error of law. *Rice v. Barnhart,*

1

384 F.3d 363, 368–369 (7th Cir. 2004); *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). In our review of the decision of the Administrative Law Judge ("ALJ") we will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [our] own judgment for that of the Commissioner." *Lopez,* 336 F.3d at 539. However, the ALJ's decision must be based upon consideration of "all the relevant evidence," without ignoring probative factors. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). In other words, the ALJ must "build an accurate and logical bridge" from the evidence in the record to his or her final conclusion. *Dixon*, 270 F.3d at 1176. We confine the scope of our review to the rationale offered by the ALJ. *See SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Tumminaro v. Astrue,* 671 F.3d 629, 632 (7th Cir. 2011).

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo,* determining for itself whether the Commissioner's decision as to those issues is supported by substantial evidence or was the result of an error of law. Fed. R. Civ. Pro. 72(b). The district court "makes the ultimate decision to adopt, reject, or modify" the report and recommendation, and it need not accept any portion as binding; the court may, however, defer to those conclusions of the report and recommendation to which timely objections have not been raised by a party. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–761 (7th Cir. 2009).

## <u>Discussion</u>[1]

The Commissioner argues that two statements in the Magistrate Judge's Report and Recommendation "require response and clarification." Def.'s Br. at 3. Specifically, the Commissioner objects to the Magistrate Judge's finding that the harmless error arguments in the Commissioner's brief "would … have the court violate the *Chenery* doctrine in upholding the ALJ's decision." Report at 12; *accord* Report at 13. The Commissioner also objects to the Magistrate Judge's recommendation that the Court order the Commissioner to refer this case to a different ALJ on remand. As the only two challenges to the Report and Recommendation, we address only these arguments, deferring to all other conclusions set forth in the Magistrate Judge's Report and Recommendation.

## I.    Harmless Error and the *Chenery* Doctrine

The Commissioner first objects to the Magistrate Judge's statement that acceptance of the harmless error arguments put forth by the Commissioner based on evidence or theories not discussed by the ALJ would "have the Court violate the *Chenery* doctrine in upholding the ALJ's decision." Report at 12. The *Chenery* doctrine "requires that an agency's discretionary order be upheld, if at all, on the same basis articulated in the order by the agency itself." *Hanson v. Colvin*, 760 F.3d 759, 762 (7th Cir. 2014) (quoting *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168-69 (1962)). The Commissioner argues that the Magistrate Judge's statement incorrectly implies that

---

[1] Because the facts are sufficiently laid out in the ALJ's opinion, the parties' briefing, and the Magistrate Judge's Report and Recommendation, we need not reiterate them in full here.

each time a harmless error argument is raised, it necessarily violates the *Chenery* doctrine.

We agree that the Seventh Circuit has recognized that harmless error "is applicable to judicial review of administrative decisions and is thus an exception to the *Chenery* doctrine." *Parker v. Astrue*, 597 F.3d 920, 924 (7th Cir. 2010) (citations omitted). But the Seventh Circuit has made clear that the doctrine of harmless error is applicable only in cases in which the court "can predict with great confidence that the result on remand would be the same, if the agency's decision is overwhelmingly supported by the record, or if no reasonable ALJ would reach a contrary result." *Brock v. Colvin*, No. 1:13-cv-00759-RLY-DKL, 2014 WL 4670876, at *6 (S.D. Ind. Sept. 18, 2014) (citing 597 F.3d at 924; *Keys v. Barnhart*, 347 F.3d 990, 994-95 (7th Cir. 2003)). It is not enough merely to show that the ALJ "*might* have reached the same result had [he or] she considered all the evidence and evaluated it as the government's brief does." *Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010) (emphasis in original).

Here, the Commissioner's harmless error arguments were made in response to Ms. Bledsoe's contention that the ALJ erred in his RFC assessment and step-five decision by failing to evaluate and/or discrediting the opinions of two of her treating physicians regarding the frequency and severity of her migraine headaches.[2] The Commissioner argued in relevant part that any such error was harmless because Ms. Bledsoe did not seek treatment for headaches after June 2010, suggesting that they had abated, and thus,

---

[2] As a result, the ALJ did not account for Ms. Bledsoe's headaches in his RFC assessment and step-five conclusions.

4

did not satisfy the requirement that Ms. Bledsoe "show at least a continuous 12-month period of disability between January 2010 and the date of the ALJ's decision." Dkt. 16 at 8.

We agree for all the reasons set forth in the Magistrate Judge's well-reasoned Report and Recommendation that this is not a case in which we have great confidence that, had the ALJ properly considered the opinions of Ms. Bledsoe's treating physicians, his decision would have been the same nor is the ALJ's decision overwhelmingly supported by the record such that the error can be deemed harmless. The Magistrate Judge went on to state that because Ms. Bledsoe's failure to seek treatment for her headaches after June 2010 was not a fact relied upon by the ALJ in rendering his decision, finding harmless error would also violate the *Chenery* doctrine. This is the statement to which the Commissioner objects, requesting that "reference to *Chenery* be excluded as it is not implicated in this matter." Dkt. 19 at 2.

We disagree. We do not read the Magistrate Judge's statement to say, as the Commissioner argues it does, that harmless error arguments always violate the *Chenery* doctrine, but rather merely that accepting the Commissioner's harmless error arguments in this case would be violative of the doctrine. The Seventh Circuit has recognized as a recurring problem the fact that "in defiance of [the *Chenery* doctrine], the Justice Department's lawyers who defend denials of disability benefits often rely heavily on evidence not (so far as it appears) relied on by the administrative law judge, and defend the tactic by invoking an overbroad conception of harmless error." *Martinez v. Astrue*, 630 F.3d 693, 694 (7th Cir. 2011) (quoting 628 F.3d at 348). In our view, this is one

such case, and thus, do not find it necessary to remove the reference to the *Chenery* doctrine in the Magistrate Judge's Report. Because the Commissioner has not objected to the Magistrate Judge's findings on any other substantive issue in this case, we adopt all other conclusions set forth in the Report and Recommendation.

## II.    Different ALJ on Remand

The Commissioner also objects to the Magistrate Judge's recommendation that the Court direct that a different ALJ be assigned to Mr. Bledsoe's case on remand, arguing that the Court can only suggest, not order, that a new ALJ decide the case unless it is shown that the ALJ evidenced a degree of bias that would disqualify him as a matter of due process from further participation in the litigation. *See, e.g.*, *Travis v. Sullivan*, 985 F.2d 919, 924 (7th Cir. 1993) ("Selecting a new ALJ is a decision for the Secretary to make when there has been no proof of bias or partiality by the original ALJ of the case."). We agree that the Commissioner cites the correct standard for directing that a different ALJ be assigned on remand and that there has been no showing of bias or partiality here. However, the Commissioner has put forth no argument as to why we should not suggest that a different ALJ be assigned here. Thus, while we do not order that a new ALJ be assigned on remand, we recommend that the Commissioner do so.[3]

## III.    Conclusion

---

[3] According to Mr. Bledsoe, the Commissioner's objection is in any event moot because the ALJ who originally presided over this case is no longer assigned to the Indianapolis, Indiana Hearing Office of the Office of Disability Adjudication and Review of the Social Security Administration. Thus, on remand, Ms. Bledsoe's claim will automatically be assigned to a different ALJ, regardless of our recommendation.

For the foregoing reasons, we <u>OVERRULE</u> the Commissioner's objections and <u>ADOPT</u> the result of the Magistrate Judge's Report and Recommendation with the additional supplementation set forth above.

IT IS SO ORDERED.

03/17/2015

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

J. Frank Hanley, II
jfrankhanley@jfrankhanley.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov